**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Daniel D'Agostino,

Plaintiff,

v.

Abbott Laboratories Incorporated, et al.,

Defendants.

No. CV-23-01367-PHX-SMB

**ORDER**

Pending before the Court are Plaintiff's Motion for Terminating Sanctions for Fraud of the Court, Discovery Misconduct, and Spoliation of Evidence (Doc. 188), and Motion for Leave to Manually File Video Exhibit R in Support of Motions for Terminating Sanction (Doc. 193). After reading the briefing, the Court **denies** Plaintiff's Motions as untimely.

I.     **BACKGROUND**

Lest it be interpreted that Plaintiff did not have an opportunity during discovery to hash out issues of sanctionable behavior and inadequate production, the Court recounts the following history. This is Plaintiff's eighth motion for sanctions. (Docs. 16, 31, 84, 113, 136, 180, 181, 188.) Plaintiff has filed eight motions to compel. (Docs. 14, 15, 60, 79, 84, 136, 172, 180.) The Court has held six different hearings to address various discovery disputes in this matter. (Docs. 55, 64, 76, 117, 165, 183.) None of Plaintiff's motions were successful. The Court denied all seven previous motions for sanctions. (Docs. 19, 45, 107, 138, 177, 183.) And denied all eight motions to compel. (Docs. 19, 61, 95, 107, 175, 177,

183.)  The period for further discovery disputes is over.

**II.    DISCUSSION**

Plaintiff brings the present Motion for Sanctions pursuant to Federal Rules of Civil Procedure 26(g), 30(d)(2), and 37.  (Doc. 188 at 2.)  Although these rules "do not establish any express time limits within which a motion for sanctions must be filed, unreasonable delay may render such a motion untimely."  *MGA Ent., Inc. v. Nat'l Prods. Ltd.*, No. CV 10-07083 JAK SSX, 2012 WL 4052023, at *4 (C.D. Cal. Sep. 14, 2012) (citation modified).  The Court finds that Plaintiff unreasonably delayed filing this Motion.

Here, the deadline for fact discovery was March 7, 2025 (Doc. 44 at 1.)  The Court extended that deadline twice: first to March 21, 2025 (Doc. 55) then to April 11, 2025 (Doc. 91).  The Court denied Plaintiff's later request to extend this deadline further by an additional ninety days.  (Doc. 107 at 5.)  After multiple extensions, Plaintiff then had until April 28, 2025 to complete non-expert depositions.  (*Id.* at 8.)  Like before, the Court denied Plaintiff's later request to extend this deadline by an additional six weeks.  (Doc. 155.)  Therefore, as Plaintiff acknowledges, discovery closed in spring 2025.  (Doc. 188 at 2 ("[F]act discovery closed in the Spring of 2025"), at 5 ("The discovery deadline has passed.").)

Plaintiff attempts to establish Defendant's allegedly sanctionable behavior by citing information obtained through written discovery prior to the close of fact discovery, during a discovery dispute hearing, or during depositions that occurred in April 2025.  For example, Plaintiff states he "caught [Defendant] in a lie" during the March 6, 2025 discovery dispute hearing.  (Doc. 188  at 9.)  Likewise, Plaintiff cites twelve duplicative emails produced during discovery, which "flood[ed] production" in an attempt to "bury" incriminatory information.  (*Id.* at 10.)  Or Plaintiff states that "[t]hroughout four depositions (Douglas Taylor, James Martinez, Jim Curcio, and Ashin Soti), Counsel engaged in a 'pattern of abuse' comprising hundreds of improper objections, personal attacks, and instructions not to answer."  (*Id.* at 13.)  But Plaintiff made these exact arguments in July 2025 in his motion to continue these depositions for an additional four

hours.  (Doc. 172.)  Notably, the Court denied that motion as untimely because "Plaintiff waited nearly three months after the limited extension to the discovery deadline for him to complete his depositions to file the pending Motion."  (Doc. 175.)  Plaintiff's present Motion is an even more egregious instance of untimeliness.

Plaintiff admits that he did not begin contemplating the present Motion for Sanctions until he "initiate[d] a comprehensive forensic audit of the entire case record in November 2025."  (Doc. 188 at 4.)  That is seven months after Plaintiff had access to the foregoing discovery which is the basis of his Motion.  Worse yet, Plaintiff did not file the present Motion until January 20, 2026.  Thus, Plaintiff's Motion was ultimately filed nine months after the close of discovery and he does not give a bona fide reason for this delay.

The interests of resolving "all discovery matters in a timely manner under [a] case schedule" would not be served "if parties could bring motions for discovery sanctions well after the allegedly offending conduct and after the discovery cut-off date."  *Van Steenwyk v. Van Steenwyk*, No. 2:20-CV-02375-FLA-AFMX, 2022 WL 17193991, at *1 (C.D. Cal. Oct. 18, 2022), *aff'd*, *Steenwyk v. Steenwyk*, No. 2:20-CV-02375-FLA (AJRX), 2024 WL 6885526 (C.D. Cal. Sept. 3, 2024).  "While the Court might be inclined to exercise discretion to permit the present motion had Plaintiff shown diligence in bringing it, that is not situation here."  *Id.* (denying a motion for sanctions as untimely because it was filed "well after" all depositions were completed).  Accordingly, the Court finds that Plaintiff unduly delayed bringing the present Motion and denies it as untimely.

III.    CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED denying** Plaintiff's Motion for Sanctions (Doc. 188).

**IT IS FURTHER ORDERED denying** Plaintiff's Motion for Leave to Manually File Video Exhibit R in Support of Motions for Terminating Sanction (Doc. 193).

Dated this 30th day of April, 2026.

Honorable Susan M. Brnovich
United States District Judge

- 3 -