**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Daniel D'Agostino,

        Plaintiff,

v.

Abbott Laboratories Incorporated, et al.,

        Defendants.

No. CV-23-01367-PHX-SMB

**ORDER**

There are various motions to seal pending before the Court. The Court resolves each as follows.

## I.     LEGAL STANDARD

There is a "strong presumption in favor of access to court records." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (citation modified). Thus, "a court may seal records only when it finds a compelling reason and articulates the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* at 1096–97 (citation modified). "The court must then conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1097 (citation modified). What constitutes a compelling reason is left to the sound discretion of the trial court. *Id.* The Ninth Circuit gives examples, such as "when a court record might be used to gratify private spite or promote public scandal, to circulate libelous statements, or as sources of business information that might harm a litigant's competitive standing." *Id.* (citation modified). However, where the motion is "tangentially related to the merits

of the case," then the movant need only show good cause. *Id.* at 1097, 1102.

## II.    MOTIONS TO SEAL

### A.  Doc. 190 (D'Agostino)

Plaintiff initially moves to file under seal Exhibits (A, C, D, K, L, N, Y, Z, AA, and BB) in support of his Motion for Terminating Sanctions (Doc. 188) lodged at (Doc. 191). Later, however, Plaintiff moves to partially withdraw that motion as it relates to Exhibits (C, D, Y, and Z), but maintains his request to seal Exhibits (A, K, L, N, AA, and BB). (Doc. 215).  Defendant sought leave to file an attached supplemental notice addressing these Exhibits. (Doc. 217).  Therein, Defendant acknowledges both parties agree to filing under seal Exhibits (A, K, L, N, AA, and BB) lodged at (Doc. 191).  However, Plaintiff gives the only explanation for why these documents should be sealed.  He simply states, "Plaintiff seeks to file them under seal to prevent the inadvertent public disclosure of any information Defendant may deem proprietary, sensitive, or confidential under the Order." (Doc. 190 at 2.)  Defendant does not address this hypothetical concern.

Accordingly, the Court finds Plaintiff has failed to provide compelling reasons or good cause to seal these documents outside of conjecture and denies Plaintiff's Motion to Seal (Doc. 190).  The Court thus denies Plaintiff's request to file under seal the exhibits attached to his Motion for Terminating Sanctions.  (Doc. 190).  Additionally, the Court denies as moot Defendant's Motion for Leave (Doc. 217) given its denial of Plaintiff's Motion to Seal (Doc. 190) herein, and previous denial of Plaintiff's Motion for Leave to File Video Exhibit R.

### B.  Doc. 194 (Abbott Lab)

Defendant moves to file under seal its Motion for Summary Judgment, and Separate Statement of Undisputed Material Facts in Support of its Motion for Summary Judgment lodged at (Doc. 194).  Additionally, Defendant moves to file under seal Exhibits (A-6, A-7, A-8, A-9, A-14, A-18, A-19, A-20, A-21, A-23, B-1, B-2, C-1, C-2, C-3, E-1, E-2, E-3, E-4, E-5, E-6, G-1, G-2, H-1, H-2, H-3, H-4, H-5) lodged at (Doc. 198) in support of its Motion for Summary Judgment.  Defendant has filed redacted versions of the Motion and

Separate Facts, wherein the redactions are limited to excerpts drawn from the identified exhibits.

The unredacted Motion is lodged at (Doc. 195) and the Exhibits are lodged at (Doc. 198). Because these exhibits are attached to a dispositive motion, Defendant "must meet the high threshold of showing that 'compelling reasons' support secrecy." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). The Court will analyze each Exhibit group as presented by Defendant.

### 1. Exhibits G-1 and G-2

Defendant states that Plaintiff agrees to sealing Exhibits G-1 and G-2, but opposes sealing the remaining documents. Because Exhibits G-1 and G-2 pertain to Plaintiff's disability/leave records and contain medical and health information, the Court finds that sealing is warranted to protect Plaintiff's privacy interests.

Accordingly, the Court grants Defendant's request to seal Exhibits G-1 and G-2.

### 2. Exhibits A-6 and A-14

Exhibit A-6 is Plaintiff's EEOC Charge of Discrimination filed on March 22, 2023 and Exhibit A-14 is the EEOC Notice of Right to Sue. Defendant argues these documents should be sealed because they "contain sensitive allegations and personal information," and therefore "[s]ealing is warranted to protect privacy interests and avoid unnecessary disclosure of sensitive administrative-file content in the public record." (Doc. 194 at 2–3.) In other words, Defendant argues that sealing is necessary because the information is personal, private, and sensitive. But Defendant's reasons are too conclusory. Defendant fails to explain whose personal interest is at stake. It cannot be Plaintiff's because he opposes sealing these exhibits. Defendant also fails to explain why the allegations are sensitive. *See Kamakana*, 447 F.3d at 1179 ("The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records."). Therefore, Defendant fails to "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1178–79

- 3 -

(citation modified).

Accordingly, the Court denies Defendant's request to seal Exhibits A-6 and A-14.

### 3.  Exhibits A-7, A-8, and A-9

Exhibit A-7 is a record of a discussion between Plaintiff and his former supervisor, James Martinez, discussing performance deficiencies.  Exhibit A-8 is a written warning issue by Martinez to Plaintiff for performance deficiencies.  And Exhibit A-9 is Plaintiff's 2022 performance evaluation.  Defendant states these exhibits "reflect confidential personnel matters, including performance counseling, discipline, internal communications about performance, and related documentation and notes."  (Doc. 194 at 3.)  Thus, Defendant requests they be sealed because they "contain non-public, sensitive employment information about Plaintiff and internal discussions regarding performance management." (*Id.*)  Again, Defendant only summarily states that this information is private and sensitive. Defendant fails to articulate specific factual findings for why disclosure would be harmful. "The Ninth Circuit has expressly rejected efforts to seal documents under the 'compelling reasons' standard where the movant makes 'conclusory statements about the contents of the documents-that they are confidential and that, in general,' their disclosure would be harmful to the movant." *Allstate Ins. Co. v. Balle*, No. 2:10-CV-02205-APG-NJ, 2014 WL 1300924, at *1 (D. Nev. Mar. 27, 2014) (quoting *Kamakana*, 447 F.3d at 1182).

Accordingly, the Court denies Defendant's request to seal Exhibits A-7, A-8, and A-9.

### 4.  Exhibits A-18, A-19, A-20, and A-21

Defendant states: "These exhibits all involve emails from Plaintiff to various coworkers at the time Plaintiff was having performance related issues.  Consequently, these emails implicated personnel matters and should be sealed."  (Doc. 194 at 3.)  Simply touting "personnel matters" is not sufficient to satisfy the compelling reason bar for sealing. *See Kamakana*, 447 F.3d at 1182.

Accordingly, the Court denies Defendant's request to seal Exhibits A-18, A-19, A-20, and A-21.

### 5.  *Exhibits A-23, B-1, and B-2*

These Exhibits include the Defendant's internal Code of Conduct and EEO-related policies/materials.   Defendant seeks to seal these documents because they contain "non-public internal compliance guidance and proprietary content whose public disclosure could provide competitors insight into the company's internal procedures and operations." (Doc. 194 at 3.)  Business information that might harm a party's competitive standing is an example of a compelling reason that might justify sealing.  *See Cntr. for Auto Safety*, 809 F.3d at 1097.

Accordingly, the Court grants Defendant's request to seal Exhibits A-23, B-1, and B-2.

### 6.  *Exhibits C-1 and C-3*

Defendant states that these Exhibits "involve emails that were part of Plaintiff's ongoing personnel issues," and seeks to seal them because they involve "personnel matters." (Doc. 194 at 4.)  Again, this reason alone is insufficient to justify sealing.  *See Kamakana*, 447 F.3d at 1182.

Accordingly, the Court denies Defendant's request to seal Exhibits C-1 and C-3.

### 7.  *Exhibits E-1 and E-2*

Defendant states that these Exhibits should be sealed for the same reasons articulated for Exhibits A-7 through A-9.  Namely, these Exhibits concern Plaintiff's performance deficiencies and 2022 performance evaluation.  This reason is similarly conclusory and insufficient to justify sealing.

Accordingly, the Court denies Defendant's request to seal Exhibits E-1 and E-2.

### 8.  *Exhibit E-5*

Exhibit E-5 contains an email communication between Defendant and an outside vendor discussing sensitive business information.  Consequently, disclosure could harm Defendant's business interests, vendor relationship, and competitive standing.  *See Cntr. for Auto Safety*, 809 F.3d at 1097.

Accordingly, the Court grants Defendant's request to seal Exhibit E-5.

9. *Exhibits H-1 and H-2*

These Exhibits contain an internal Employee Relations ticket and the subsequent investigation into that ticket.  Defendant seeks to seal these Exhibits because they contain "sensitive personnel information and internal investigative details," and states that sealing is necessary to preserve "the confidentiality of internal investigative processes." (Doc. 194 at 4.)  Again, Defendant essentially argues that sealing is necessary only because these documents are "sensitive" and need to be confidential.  But Defendant does not articulate any prejudice from disclosure.  Nor does it describe what aspects of the investigation are sensitive.  "Simply mentioning a general category of privilege, without any further elaboration or any specific linkage with the documents, does not satisfy the burden." *Kamakana*, 447 F.3d at 1184.

Accordingly, the Court denies Defendant's request to seal Exhibits H-1 and H-2.

10. *Exhibits E-3, E-4, E-6, H-3, H-4, and H-5*

Finally, these Exhibits relate to an Employee Relations ticket regarding Plaintiff's performance problems, and subsequent meeting notes regarding these issues.  Defendant states: "All these exhibits involve confidential discussions regarding Plaintiff's personnel problems, and should therefore be sealed."  (Doc. 194 at 4.)  Without more, the Court cannot grant a motion to seal for the sole reason being that these documents are "confidential."

Accordingly, the Court denies Defendant's request to seal Exhibits E-3, E-4, E-6, H-3, H-4, and H-5.

In sum, the Court grants Defendant's request to file under seal Exhibits A-23, B-1, B-2, E-5, G-1, and G-2.  The Court denies Defendant's request to file under seal all other Exhibits.

**C.  Doc. 202 (Abbott Lab)**

Defendant states that it inadvertently filed (Doc. 199) on the public docket and asks the Court to direct the Clerk to remove it from the docket.  Upon discovering the error, Defendant filed the correct public portions of its Compendium of Evidence in support of

its Motion for Summary Judgment at (Docs. 200–201), which are intended to supersede and replace (Doc. 199). The Court grants Defendant's request and directs the Clerk of Court to remove (Doc. 199) from the public docket.

### D. Doc. 212 (D'Agostino)

Plaintiff moves to file under seal Exhibits F and G through V attached to his Reply (Doc. 208) to Defendant's Motion for Summary Judgment. The Exhibits are lodged at (Doc. 213). Plaintiff states that Exhibit F "contains internal personnel performance notes," and Exhibits G through V "comprise evaluation sets of internal production files and deposition excerpts that have been marked as 'Confidential' by the Defendant." (Doc. 212 at 2.) Internal personnel performance notes alone are not a compelling reason to seal Exhibit F. Moreover, Defendant's designation of Exhibits as Confidential is not sufficient alone to justify sealing. If Defendant is concerned with the confidentiality of these Exhibits, it may move to file under seal these Exhibits and provide compelling reasons to do so.

Accordingly, the Court denies Plaintiff's request to file under seal Exhibits F and G through V to his Reply brief (Doc. 212).

### E. Doc. 225 (D'Agostino)

Plaintiff moves to file under seal Exhibit B to his Reply in Support of his Motion for Extension of Time. This Exhibit is the same Exhibit H-2 discussed herein under (Doc. 194.) Plaintiff seeks to seal this Exhibit "because it contains sensitive internal company investigation details involving non-parties." (Doc. 225 at 2.) Without more, conclusory statements of sensitivity are insufficient to provide compelling reasons to seal this exhibit from the public. *See Kamakana*, 447 F.3d at 1182.

Accordingly, the Court denies Plaintiff's request to file under seal Exhibit B to his Reply in Support of Motion for Extension of Time (Doc. 225).

### F. Doc. 227 (Abbott)

Defendant moves to enforce the Court's Protective Order (Doc. 56) as to Exhibit B to Plaintiff's Motion for Extension of Time (Doc. 223). Defendant asserts that this Exhibit

is protected by attorney client privilege.  Given this dispute, Plaintiff moved to file Exhibit B under seal in order for the Court to determine whether it is privileged or not.  (Doc. 219.) The Court granted that Motion.  (Doc. 222.)  Upon reviewing the document, the Court agrees with Plaintiff that Exhibit B is not a communication between Defendant and its counsel, but rather a routine Employee Relations Investigation Summary by Defendant's Employee Relations investigator concerning Plaintiff's performance issues.  Therefore, the Court finds that the document is not privileged.

Accordingly, the Court denies Defendant's motion to enforce the Court's Protective Order (Doc. 227).

**G.  Doc. 232 (D'Agostino)**

Plaintiff moves to file under seal all Exhibits attached to his Controverting Statement of Facts in response to Defendant's Motion for Summary Judgment.  The Exhibits are lodged at (Doc. 234).  Plaintiff states sealing is necessary because some exhibits include: (1) private medical information such as ADHD medication records and Short-Term Disability/FMLA claim denials; (2) internal employee relations summaries, recommendations for termination, and performance assessments; and (3) proprietary business data such as "Validation Master Plans and SAP access logs."  (Doc. 232 at 2.) These reasons do not justify sealing.

First, Plaintiff's blanket sealing request is inappropriate.  It is Plaintiff's responsibility to limit the request only to material that is sealable and identify the specific exhibits and the underlying factual rationale for each exhibit that justifies sealing. Accordingly, the Court denies Plaintiff's overly broad request.  Second, Plaintiff's second and third reasons for sealing are insufficient.  Plaintiff provides no reason for filing the internal employee relations summaries and assessments under seal other than that they are sensitive.  As noted, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179.  As to Plaintiff's claim of proprietary information, "an unsupported assertion of unfair advantage to competitors

without explaining how a competitor would use the information to obtain an unfair advantage is insufficient." *Open Text S.A. v. Box, Inc.*, No. 13-CV-04910-JD, 2014 WL 7368594, at *2 (N.D. Cal. Dec. 26, 2014) (citation modified).  As to Plaintiff's private medical information, Plaintiff may file a new motion identifying the specific exhibits that discuss his medical information and move to file those exhibits under seal.

Accordingly, the Court denies Plaintiff's request to file under seal all exhibits attached to his Controverting Statement of Facts (Doc. 232).

### H.  Doc. 236 (D'Agostino)

Plaintiff requests to file under seal eight of the nine exhibits attached to his Response to Defendant's Motion for Summary Judgment.  Plaintiff again presents a blanket request to seal without identifying the specific exhibits that may contain confidential information.  Further, Plaintiff repeats the same generic and conclusory reasons for sealing as presented in (Doc. 232).

Accordingly, the Court denies Plaintiff's request to file under seal nearly all exhibits attached to his Response (Doc. 236).

### I.  Doc. 237 (D'Agostino)

Plaintiff requests to file under seal the two exhibits attached to his Response to Defendant's Motion to Enforce Protective Order.  Plaintiff only states this is necessary because the exhibits contain "sensitive internal investigative findings" and "details of witness interviews and internal business processes."  Again, "[s]imply mentioning a general category of privilege, without any further elaboration or any specific linkage with the documents, does not satisfy the burden." *Kamakana*, 447 F.3d at 1184.  Plaintiff fails to identify any prejudice of disclosure that would justify overcoming the presumption of public access to court records.

Accordingly, the Court denies Plaintiff's request to file under seal the two exhibits attached to his Response to Defendant's Motion to Enforce Protective Order (Doc. 237).

Given the many motions to seal filed in this matter, the Court emphasizes the following caution moving forward:

[L]itigants tend to be overly ambitious and overly inclusive in requests to seal documents. It's easy for the Court to go along with such motions, especially when they are unopposed, and it would be less work for all involved if the Court rubber-stamped the motion and moved on to the weightier, disputed legal issues. But, with some very limited exceptions, district courts should not perform their work in secret. Thus, the Court will advise the parties to take a sparing approach in filing any future motions to seal. The Court will not be inclined to grant requests to seal hundreds of pages of documents supported only by boilerplate explanations as to why the documents should be sealed.

*Fordemwalt ex rel. Baseline, Inc. v. HydroPoint Data Sys., Inc.*, No. 1:22-CV-00395-BLW, 2023 WL 2868571, at *9 (D. Idaho Apr. 9, 2023).

### III.    CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED denying** (Docs. 190, 212, 217, 225, 227, 232, 236, and 237).

**IT IS FURTHER ORDERED denying in part and granting in part** (Doc. 194). The Clerk of Court is directed to file under seal Exhibits A-23, B-1, B-2, E-5, G-1, and G-2 lodged at (Doc. 198).  All other exhibits are not to be filed under seal.  Defendant should file a new version of its Motion for Summary Judgement and Separate Statement of Facts, redacting only those excerpts drawn from the exhibits approved for sealing herein, and file the exhibits not approved for sealing on the public docket.

**IT IS FURTHER ORDERED granting** (Doc. 202) and **directing** the Clerk of Court to strike (Doc. 199) from the record.

Dated this 1st day of May, 2026.

Honorable Susan M. Brnovich
United States District Judge

- 10 -