Mary Ellen Simonson (State Bar No. 009298)
maryellen.simonson@wbd-us.com
**WOMBLE BOND DICKINSON (US) LLP**
201 East Washington Street, Suite 1200
Phoenix, Arizona 85004-2595
Telephone: (602) 262-5311

Michele J. Beilke (*Admitted Pro Hac Vice*)
mbeilke@seyfarth.com
**SEYFARTH SHAW LLP**
601 South Figueroa Street, Suite 3300
Los Angeles, California 90017-5793
Telephone: (213) 270-9600
Facsimile: (213) 270-9601

Kathryn C. Palamountain (*Admitted Pro Hac Vice*)
cpalamountain@seyfarth.com
**SEYFARTH SHAW LLP**
700 Milam Street, Suite 1400
Houston, Texas  77002-2812
Telephone: (713) 225-2300
Facsimile: (713) 225-2340

Steven DiBeneditto *(Admitted Pro Hac Vice)*
sdibeneditto@seyfarth.com
**SEYFARTH SHAW LLP**
975 F Street, N.W.
Washington, DC 20004
Telephone: (202)772-9738

*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA
PHOENIX DIVISION**

| | |
|---|---|
| Daniel D'Agostino, an individual,<br><br>Plaintiff,<br><br>v.<br><br>Abbott Laboratories Inc.;<br><br>Defendant. | Case No. 2:23-cv-01367-PHX-SMB<br><br>**DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S AMENDED OPPOSITION TO MOTION FOR SUMMARY JUDGMENT AND AMENDED CONTROVERTING STATEMENT OF FACTS** |

326101111v.1

Defendant Abbott Laboratories Inc. respectfully moves to strike Plaintiff's Amended Opposition to Defendant's Motion for Summary Judgment (Doc. 259) and Amended Controverting Statement of Facts (Doc. 260). These filings should be stricken because they are not authorized by any statute, rule, or court order. *See* LRCiv 7.2(m).

This relief is warranted for two independent reasons.

First, on May 1, 2026, the Court issued an Order denying in part Defendant's Motion to Seal. (Doc. 246 at 10.) The Court ordered Defendant to refile its Motion for Summary Judgment and Separate Statement of Facts in compliance with that Order.[1] The Court did not direct Plaintiff to file any amended or supplemental briefing. Accordingly, Plaintiff's subsequent filings (including Docs. 259 and 260) were submitted without authorization and should be stricken.

Second, even if the Court were to permit Plaintiff to refile these documents, the Court should strike the portions that exceed the scope of the Court's Order. Plaintiff's redlined versions of his filings (Exhs. A and B) show that he added new factual assertions and argument. This is improper. The Court's Order required Defendant (not Plaintiff) to refile materials with revised redactions and exhibits. It did not authorize substantive revisions by either party.

Accordingly, Abbott respectfully requests that the Court strike Docs. 259 and 260 in their entirety, or, alternatively, strike all portions that exceed the limited scope of the Court's May 1, 2026 Order.

DATED:  May 22, 2026

Respectfully submitted,

SEYFARTH SHAW LLP

By:  */s/ Steven DiBeneditto*
Steven DiBeneditto
Attorneys for Defendant

---

[1] Abbott thereafter complied with the Court's Order.

2

326101111v.1

## PROOF OF SERVICE

I hereby certify that on May 22, 2026, a true and correct copy of the foregoing was served on all counsel of record by electronic service through the Clerk of the Court via the Court's CM/ECF system:

Daniel D'Agostino, Pro se
5220 West Saint Charles Avenue
Laveen, Arizona  85339
dagostino.prose@gmail.com


/s/ *Steven DiBeneditto*
Steven DiBeneditto

3

326101111v.1