Daniel D'Agostino
5220 West Saint Charles Ave.
Laveen, AZ 85339
(602) 999-2065
dagostino.prose@gmail.com

**IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Daniel D'Agostino, an individual<br><br>Plaintiff,<br><br>v.<br><br>Abbott Laboratories Inc.,<br><br>Defendant. | CASE NO.<br><br>**CV-23-1367-PHX-SMB**<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S AMENDED OPPOSITION TO MSJ AND CONTROVERTING STATEMENT OF FACTS (DOC. 263)**<br><br>Judge: The Honorable Susan M. Brnovich<br>Original Complaint Filed: 07/14/2023 |

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE
(DOC. 263)

Plaintiff Daniel D'Agostino, appearing pro se, respectfully submits this Response in Opposition to Defendant Abbott Laboratories Inc.'s ("Abbott") Motion to Strike Plaintiff's Amended Opposition to Motion for Summary Judgment and Amended Controverting Statement of Facts (Doc. 263). The Motion to Strike should be denied for the reasons that follow.

Defendant's position is internally inconsistent. Defendant filed a new operative Motion for Summary Judgment (Doc. 249) on May 6, 2026—with its own docket number, its own Separate Statement of Facts (Doc. 250), its own Compendium of Evidence (Doc. 251), and a Notice (Doc. 252) characterizing the filing as "refiled" pursuant to the Court's May 1, 2026 Order (Doc. 246). Having reset the operative summary-judgment record, Defendant cannot simultaneously deny Plaintiff the right to respond to that new motion. Plaintiff's Opposition (Doc. 259) and Controverting Statement of Facts (Doc. 260) are timely, narrowly tailored, and authorized by Federal Rule of Civil Procedure 56, LRCiv 56.1, the Court's May 1, 2026 Order (Doc. 246, pp. 7–8, 10), and Plaintiff's express written reservation of rights in his original Controverting Statement of Facts (Doc. 229, pp. 159, 174).

## I.    BACKGROUND

On January 20, 2026, Defendant filed its original Motion for Summary Judgment (Doc. 196). During the briefing of that motion, Defendant invoked the clawback provisions of the Court's Protective Order (Doc. 56, pp. 6–7 § 8) and Federal Rule of Civil Procedure 26(b)(5)(B), demanding that Plaintiff sequester and return the June 7, 2023 ER Investigation Summary (ABT0001278–1281), authored by Employee Relations Manager Jim Curcio. (See Doc. 227.) That document recommends "Termination of Employment" of Plaintiff—months before Defendant's asserted "voluntary" separation date in October 2023. Defendant claimed the document was attorney-client privileged. Plaintiff disagreed and filed it under seal so the Court could resolve the dispute. (See Docs. 218, 219, 222, 223.)

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE (DOC. 263)

Page **1**

**Plaintiff repeatedly warned the Court of the procedural Catch-22 created by the clawback dispute and asked the Court to resolve the privilege issue before requiring an MSJ response.**

On February 27, 2026—before any MSJ opposition was due—Plaintiff filed an Opposed Motion for Extension of Time (Doc. 218) seeking a 14-day extension precisely so the privilege/clawback dispute could be adjudicated before he was required to file his opposition. (Doc. 218, pp. 5–6.) Plaintiff explained that "Defendant is more interested in withholding damaging evidence than following the rules of discovery" and that "this threshold evidentiary dispute requires the requested extension." (*Id.*, p. 6.) Defendant refused to stipulate. (*Id.*, pp. 7, 11.)

On March 4, 2026, Plaintiff filed his Reply in Support of the Motion for Extension (Doc. 224) and again expressly described the procedural "Catch-22" that Defendant's clawback was creating for the MSJ briefing:

> *Defendant is forcing Plaintiff into a position where he must either (a) file a response that omits very damaging evidence in the case, or (b) risk being accused of violating a Protective Order for using a document that is clearly a non-privileged business record. This "Catch-22" is a bad-faith attempt to prevent the Court from seeing the evidence of pretext before the March 6 deadline.*

(Doc. 224, p. 3.) Plaintiff likewise told the Court that "Plaintiff cannot be expected to respond to an MSJ that he knows is based on material misrepresentations while the status of the evidence proving those lies remains unadjudicated," and that "a 14-day extension is necessary to ensure this threshold evidentiary dispute is adjudicated before the opposition is due, ensuring that the record before the Court is complete and honest." (*Id.*, p. 2.)

Plaintiff's alternative request was equally clear: "Plaintiff respectfully requests the Court grant the 14-day extension to March 20, 2026 **or a 14-day extension after the exhibit's status is adjudicated**." (Doc. 224, p. 3 (emphasis added).) The Court did not grant the requested extension to await adjudication of the clawback. Plaintiff therefore proceeded under the only path available to him: he filed his Opposition (Doc. 233) and

Controverting Statement of Facts (Doc. 229) under seal and on the existing schedule, and—because the privilege dispute was still pending and he had been forbidden by the Protective Order to "use" the ER Investigation Summary—he expressly reserved the right to amend those filings once the Court resolved the dispute. (Doc. 229, pp. 159, 174.)

**The Court's May 1, 2026 Order resolved the privilege dispute in Plaintiff's favor and reset the operative summary-judgment filings.**

On May 1, 2026, the Court issued the Order at Doc. 246 ("May 1 Order"). The May 1 Order did two things directly relevant here. First, in Section F, the Court denied Defendant's Motion to Enforce Protective Order (Doc. 227) and held the ER Investigation Summary is not privileged:

> ***Upon reviewing the document, the Court agrees with Plaintiff that Exhibit B is not a communication between Defendant and its counsel, but rather a routine Employee Relations Investigation Summary by Defendant's Employee Relations investigator concerning Plaintiff's performance issues. Therefore, the Court finds that the document is not privileged.***

(Doc. 246, pp. 7–8.) Second, in Section B, the Court denied in part and granted in part Defendant's Motion to Seal (Doc. 194), unsealed twenty-two of Defendant's twenty-eight MSJ exhibits, and ordered:

> ***Defendant should file a new version of its Motion for Summary Judgement and Separate Statement of Facts, redacting only those excerpts drawn from the exhibits approved for sealing herein, and file the exhibits not approved for sealing on the public docket.***

(Doc. 246, p. 10.) Defendant then filed a new Motion for Summary Judgment (Doc. 249), new Separate Statement of Facts (Doc. 250), new Compendium of Evidence (Doc. 251), and a Notice (Doc. 252) reciting that the filings were made "pursuant to" Doc. 246. Plaintiff, in turn, filed his Opposition Package to that new motion on May 10, 2026 (Docs. 259, 260, 261, 262), including Exhibit CCCCC (the now-unprivileged ER Investigation Summary) and a Notice (Doc. 262) describing precisely and transparently the limited scope

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE (DOC. 263)

of the changes. As a courtesy to the Court, Plaintiff that same day emailed the Honorable Susan M. Brnovich's Chambers (copying all defense counsel of record) attaching "Compare" redline PDFs of both the Amended Opposition and the Amended CSOF, again identifying the "limited scope of changes" described in Doc. 262.

Defendant now moves to strike Plaintiff's Opposition (Doc. 259) and Controverting Statement of Facts (Doc. 260) on the theory that the May 1 Order "did not direct Plaintiff to file any amended or supplemental briefing." (Doc. 263, pp. 1–2.) That argument cannot be reconciled with Defendant's own filings, with the language of the May 1 Order, with Plaintiff's express reservation of rights in Doc. 229, or with the procedural Catch-22 that Plaintiff repeatedly flagged for the Court in Docs. 218 and 224. The Motion to Strike should be denied.

## II.    LEGAL STANDARD

Defendant invokes LRCiv 7.2(m), which limits motions to strike to filings "not authorized by statute, rule, or court order." LRCiv 7.2(m)(1). The decision to grant or deny a motion to strike rests within the sound discretion of the district court. *See Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973–74 (9th Cir. 2010). Plaintiff's amended Opposition and Controverting Statement of Facts are authorized—both by Federal Rule of Civil Procedure 56 and Local Rule 56.1 (which entitle the nonmovant to oppose any pending motion for summary judgment) and by the Court's May 1, 2026 Order (Doc. 246, pp. 7–8, 10), which reset both the evidentiary record (by ruling the ER Investigation Summary not privileged) and the operative MSJ filings (by directing Defendant to refile its motion, separate statement of facts, and exhibits in compliance with the Order). LRCiv 7.2(m), therefore, does not apply because (1) Rule 56 and Local Rule 56.1 authorized Plaintiff to file his (2) The ER Investigation Summary was not admissible until after the May 1 Order and (3) Plaintiff reserved his right to amend his response when the ER

Investigation Summary became admissible. Defendant's Motion to Strike should be denied because Plaintiff is "authorized by statute", pursuant to Fed. R. Civ. P. 7.2(m).

More broadly, Federal Rule of Civil Procedure 1 instructs that the rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Striking Plaintiff's narrowly tailored amendments—filed in response to Defendant's own refiled MSJ and in direct reliance on the Court's May 1 Order—would elevate procedural form over substance and prevent the Court from considering the now-admissible ER Investigation Summary on the dispositive motion that Defendant itself has chosen to refile.

Furthermore, the Ninth Circuit has long held that pro se pleadings are to be construed liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) ("we continue to construe pro se filings liberally"). That principle has special force where, as here, the pro se litigant gave both the Court and opposing counsel express written notice that an amendment would follow the Court's ruling on a contested evidentiary issue.

### III.    ARGUMENT

**A.    <u>Doc. 249 is a new operative Motion for Summary Judgment that triggered a new opposition deadline under Rule 56 and LRCiv 56.1.</u>**

Defendant's lead argument—that the May 1 Order "did not direct Plaintiff to file any amended or supplemental briefing" (Doc. 263, p. 2)—rests on a false premise. The triggering event for Plaintiff's opposition was not the May 1 Order; it was Defendant's filing of a new Motion for Summary Judgment on May 6, 2026 (Doc. 249).

Defendant docketed Doc. 249 as a new Motion for Summary Judgment, not as an errata, supplement, or notice of correction. The Clerk assigned it a new docket number. Defendant filed alongside it a new Separate Statement of Facts (Doc. 250), a new Compendium of Evidence with eight exhibits (Doc. 251), and a Notice (Doc. 252) that

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE (DOC. 263)

characterizes the filings as "refiled" and confirms which exhibits remain sealed. Federal Rule of Civil Procedure 56(c) and Local Rule 56.1(b) entitle the nonmoving party to file an opposition and a separately filed controverting statement of facts in response to any pending motion for summary judgment. Defendant cannot file a new operative motion—repackaged into new docket entries with new exhibits attached for public review—and then deny the nonmovant the right to respond to it.

That is precisely what Defendant tries to do. Doc. 263 says Plaintiff's May 10, 2026 filings (Docs. 259, 260) are "not authorized by any statute, rule, or court order." (Doc. 263, p. 2.) That conclusion overlooks Rule 56(c) itself. Plaintiff's Opposition (Doc. 259) responds to Doc. 249 and his Controverting Statement of Facts (Doc. 260) responds to Doc. 250—exactly as Rule 56 and Local Rule 56.1(b) require. The Notice at Doc. 262 confirms the obvious: "Plaintiff's Opposition Package is filed in timely response to that operative motion." (Doc. 262, p. 3.)

Defendant cannot be heard to argue both (a) that Doc. 249 is a "refiled" Motion for Summary Judgment that complies with the May 1 Order (Doc. 252, p. 2), and (b) that Plaintiff has no right to oppose that "refiled" motion. The two positions are mutually exclusive. Whichever Defendant chooses, Plaintiff's responsive filings (Docs. 259, 260) are authorized. If Doc. 249 is the operative MSJ (as Defendant says in Doc. 252, p. 2), then Plaintiff's response to it is authorized by Rule 56(c). If Doc. 249 is not the operative MSJ, then Defendant's "refiled" filings should themselves be stricken, and Plaintiff's prior responses (Docs. 229, 233) remain the operative opposition. Defendant cannot pick the rule of decision that suits only the position it wants on a given day.

**B.      The May 1 Order materially changed the evidentiary record, and Plaintiff expressly reserved the right to amend once the Court adjudicated the privilege dispute he had asked the Court to resolve.**

Even if Defendant's framing of Doc. 249 as a mere "redaction refresh" were credited, the May 1 Order did two things that necessarily authorized Plaintiff to update his opposition.

First, the Order held that the June 7, 2023 ER Investigation Summary "is not privileged" and denied Defendant's Motion to Enforce Protective Order. (Doc. 246, pp. 7–8.) That ruling made admissible a document that Plaintiff had previously been forbidden to "use" while the clawback dispute was unresolved. (See Doc. 56, pp. 6–7 § 8 ("the receiving party shall not review and shall not use the disclosed Privileged Material"); Doc. 227, p. 4 (requesting an order prohibiting Plaintiff from "reviewing, using, or disclosing" the document "unless and until the Court determines it is not privileged").) Until May 1, 2026, Plaintiff could not cite the ER Investigation Summary as evidence. On May 1, 2026, the Court resolved that dispute in Plaintiff's favor. The change in the legal status of this evidence is exactly what Plaintiff reserved the right to address.

Critically, Plaintiff did not invent the reservation of rights after-the-fact. He flagged the catch-22 for the Court in his Motion for Extension of Time (Doc. 218, pp. 5–6) and again, in detail, in his Reply (Doc. 224, pp. 2–3). When the Court did not grant the extension that would have allowed the clawback dispute to be adjudicated first, Plaintiff did the next-best thing: he filed his Opposition (Doc. 233) and Controverting Statement of Facts (Doc. 229) and—twice, in the same words—reserved the right to amend once the Court resolved the privilege dispute:

> ***Because the Defendant continues to dispute the status of this evidence as part of a clawback attempt, Plaintiff reserves the right to amend this Controverting Statement of Facts once the Court adjudicates the matter.***

(Doc. 229, pp. 159, 174.) Defendant did not move to strike that language. Defendant did not respond to it in its Reply (Doc. 241). Defendant did not seek any limiting order on the scope of that reservation. The reservation has been part of the record since March 11,

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE (DOC. 263)
Page **7**

2026—more than two months before Defendant filed its Motion to Strike. Defendant is now estopped from claiming surprise.

Second, the May 1 Order changed the public/sealed status of more than twenty exhibits. The Court directed Defendant to "file a new version of its Motion for Summary Judgement and Separate Statement of Facts" and to "file the exhibits not approved for sealing on the public docket." (Doc. 246, p. 10.) Defendant did so. (Docs. 249, 250, 251, 252.) Plaintiff, in turn, refiled his Compendium of Evidence (Doc. 261) so that all exhibits not subject to a remaining seal order would be of public record, and updated his briefing to include citations to the now-unprivileged Exhibit CCCCC. That is consistent with the spirit and the express directive of the May 1 Order, which the Court took the time to caution applied to "the parties" going forward. (Doc. 246, pp. 9–10.)

**C.    The amendments are narrowly tailored, transparently disclosed, and confined to two categories that Plaintiff identified to both the Court and Defendant.**

Defendant's alternative argument—that even if Plaintiff was permitted to refile, the new versions "exceed the scope of the Court's Order" (Doc. 263, p. 2)—mischaracterizes the actual differences between the two versions. Plaintiff filed redlines as exhibits to nothing less than Defendant's own Motion to Strike (Doc. 263-1, Ex. A; Doc. 263-2, Ex. B) precisely so the Court could see the changes for itself. Plaintiff also filed a Notice (Doc. 262) explaining the scope of the changes in plain terms:

> ***The concurrently filed Opposition (responding to Doc. 249) and Controverting Statement of Facts (responding to Doc. 250) are substantively identical to Plaintiff's prior Opposition (Doc. 233) and Controverting Statement of Facts (Doc. 229), except for two limited categories of changes: (1) References to the previously-unavailable June 7, 2023 ER Investigation Summary—now designated Exhibit CCCCC—have been updated to reflect that the Court has ruled the document is not privileged (Doc. 246 at 7–8); and (2) References to Plaintiff's Motion for Terminating Sanctions (Doc. 188) as a pending motion have been replaced with references to Plaintiff's Motion for Reconsideration (Doc. 248), which is now the pending motion following the Court's denial of Doc. 188 at Doc. 245.***

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE (DOC. 263)

(Doc. 262, pp. 1–2.) On the same day Plaintiff filed his amended opposition package, he also emailed comparison ("Compare") PDFs of both amended filings directly to the Honorable Susan M. Brnovich's Chambers as a courtesy—with all defense counsel copied—so the Court could readily verify the limited scope of the changes. Defendant therefore cannot credibly claim it was kept in the dark about what was changed or why.

Both categories of change are direct, line-by-line consequences of intervening orders the Court itself issued between Plaintiff's original filings and his amended filings:

**Category 1:** The Court ruled in Doc. 246, pp. 7–8 (May 1, 2026) that the ER Investigation Summary is not privileged. Plaintiff's amendments add fifteen paragraph cross-references to Exhibit CCCCC—each one corresponding to a fact already alleged in the original CSOF that is now supported by an admissible exhibit instead of a sealed, disputed one. (See Doc. 262, p. 2 (listing §§ 39, 40, 41, 42, 45, 48, 54, 55, 57, 58, 59, 60, 61, 71, and 72).) These are not "new factual assertions"; they are evidentiary citations now made permissible by the Court's privilege ruling.

**Category 2:** The Court denied the Motion for Terminating Sanctions in Doc. 245 (April 30, 2026). Plaintiff thereafter filed a Motion for Reconsideration (Doc. 248), which remains pending. Updating references from a denied motion to its successor reconsideration motion is a housekeeping change required for accuracy. It is not an enlargement of the opposition.

Defendant's suggestion that the redlines show "new factual assertions and argument" (Doc. 263, p. 2) is overstated. The redlines show precisely the two categories described above—plus typographical and citation conformance edits that follow inevitably from changes to docket references (e.g., "Doc. 196" becoming "Doc. 249," and "Ex. B" becoming "Ex. CCCCC"). To the extent any incidental wording was tightened in the process of cross-referencing the new exhibit, that is the inevitable byproduct of a faithful, narrow amendment—not a substantive expansion of the opposition.

## D.    Defendant identifies no prejudice, and there is none.

Defendant nowhere claims it has been prejudiced by Plaintiff's amendments. There is no surprise: Plaintiff's reservation of rights has been on the record since March 11, 2026 (Doc. 229, pp. 159, 174), and his catch-22 warning to the Court has been on the record since March 4, 2026 (Doc. 224, pp. 2–3). There is no new evidence: Exhibit CCCCC was filed under seal at Doc. 223 in February 2026 and reviewed in camera by the Court; Defendant has had the document in its own files since at least its production and reviewed the document when it was used during a deposition. There is no schedule disruption: Defendant had the full 15-day MSJ reply window under LRCiv 56.1(d)—which expired Tuesday, May 26, 2026 after the Memorial Day extension under Fed. R. Civ. P. 6(a)(1)(C)—to address Exhibit CCCCC, the Court's privilege ruling, and the updated reconsideration posture in the proper procedural vehicle. Striking Plaintiff's filings, by contrast, would deprive the Court of a complete record on a dispositive motion that the Court itself recognized was tied up in a contested evidentiary dispute. (Doc. 246, pp. 7–8.)

**E.    Striking Plaintiff's filings would reward exactly the Catch-22 the May 1 Order rejected.**

Defendant's clawback motion (Doc. 227) attempted to remove a critical document— an ER Manager's formal "Recommendation: Termination of Employment" issued months before Plaintiff's claimed "voluntary" separation—from the summary-judgment record by labeling a routine personnel summary "ATTY CLIENT PRIVILEDGED" [sic]. The Court found that label inaccurate, found the document not privileged, and denied the motion. (Doc. 246, pp. 7–8.) That is exactly the procedural maneuver Plaintiff warned the Court about months earlier in Docs. 218 and 224: a "bad-faith attempt to prevent the Court from seeing the evidence of pretext before the March 6 deadline." (Doc. 224, p. 3.) Defendant's present Motion to Strike asks this Court to achieve, on procedural grounds, the same outcome the Court already rejected on substantive grounds—namely, keeping Exhibit CCCCC out of the operative MSJ record. The Court should decline the invitation. *See*

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE (DOC. 263)
Page **10**

*Foman v. Davis*, 371 U.S. 178, 182 (1962) (procedural rules should not be used to deny justice on the merits); *Fed. R. Civ. P. 1*.

### F. Defendant's Motion to Strike is procedurally improper under LRCiv 7.2(m)(2); any admissibility challenge to Exhibit CCCCC belongs in Defendant's forthcoming MSJ reply.

The local rules of this District make clear that an evidentiary objection cannot be packaged as a stand-alone motion to strike. LRCiv 7.2(m)(2) provides:

> *An objection to (and any argument regarding) the admissibility of evidence offered in support of or opposition to a motion must be presented in the objecting party's responsive or reply memorandum and not in a separate motion to strike or other separate filing. If the underlying motion is a motion for summary judgment, an objection may be included in a party's response to another party's separate statement of material facts in lieu of (or in addition to) including it in the party's responsive memorandum . . . .*

LRCiv 7.2(m)(2). The rule expressly anticipates the summary-judgment context and channels any admissibility objection into the existing briefing structure. It does not permit the objecting party to open a separate front.

That is precisely what Defendant attempts here. Stripped of its procedural framing, Doc. 263 is an evidentiary objection: Defendant wants Exhibit CCCCC—the now-unprivileged ER Investigation Summary—and the fifteen CSOF cross-references to it kept out of the operative summary-judgment record. The proper vehicle for that objection was Defendant's Reply in support of its Motion for Summary Judgment (Doc. 249)—the 15-day window for which expired Tuesday, May 26, 2026 under LRCiv 56.1(d), as extended by Fed. R. Civ. P. 6(a)(1)(C) past the May 25, 2026 federal holiday. LRCiv 7.2(m)(2) channels any admissibility objection into that existing reply briefing, not into a parallel motion-to-strike track. Defendant either filed a proper Reply by the May 26 deadline or it allowed the reply window to lapse and substituted Doc. 263 for the Reply (in which case Doc. 263 is exactly the "separate motion to strike or other separate filing" that LRCiv 7.2(m)(2)

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE (DOC. 263)
Page **11**

prohibits). Either way, Doc. 263 should be denied on this independent ground without reaching the merits.

Defendant is no stranger to the standard summary-judgment briefing sequence. Defendant previously used the Reply slot in this very case: Doc. 241, filed March 23, 2026, was Defendant's Reply in support of the original MSJ (Doc. 196). Defendant therefore knows how the rules work. Filing a stand-alone Motion to Strike on May 22, 2026, in place of (or in addition to) a proper Reply to Plaintiff's Opposition (Doc. 259) layers extra briefing burdens on both Plaintiff and the Court that LRCiv 7.2(m)(2) was designed to prevent.

**G.     In the alternative, Plaintiff respectfully requests that the Court treat Docs. 259 and 260 as a request for leave to amend nunc pro tunc.**

If, despite the foregoing, the Court concludes that Plaintiff was required to obtain leave before filing Docs. 259 and 260, Plaintiff respectfully requests that the Court treat the filings as a contemporaneous request for leave to file the amended opposition and amended controverting statement of facts, and grant that request nunc pro tunc. The Ninth Circuit has long held that leave to amend should be "freely given when justice so requires," *Foman*, 371 U.S. at 182, and that procedural fairness requires the non-movant be permitted to incorporate evidence that becomes admissible after the original briefing was filed. Here, Plaintiff (a) gave express written notice of his intent to amend (Doc. 229, pp. 159, 174), (b) had previously warned the Court of the exact catch-22 created by the clawback (Doc. 224, pp. 2–3), (c) made narrowly tailored changes tied directly to the Court's rulings, and (d) caused no prejudice to Defendant. Leave should be granted.

## IV.     CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court **DENY** Defendant's Motion to Strike (Doc. 263) and treat Plaintiff's Opposition (Doc. 259), Controverting Statement of Facts (Doc. 260), Declaration in Support of Compendium of

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE (DOC. 263)

Evidence (Doc. 261), and Notice of Filing of Opposition Package (Doc. 262) as the operative opposition to Defendant's Motion for Summary Judgment (Doc. 249). In the alternative, Plaintiff respectfully requests that the Court grant leave to file Docs. 259 and 260 nunc pro tunc.

RESPECTFULLY SUBMITTED this 27th day of May, 2026.

By: Daniel D'Agostino

Plaintiff, appearing Pro Se
5220 West Saint Charles Avenue
Laveen, AZ 85339
602-999-2065
dagostino.prose@gmail.com

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE
(DOC. 263)
Page **13**

**PROOF OF SERVICE**

I hereby certify that on May 27, 2026, a true and correct copy of the foregoing was served on all parties in this action in accordance with the Federal Rules of Civil Procedure and Local Rules of the District of Arizona.

By: Daniel D'Agostino

Plaintiff, appearing Pro Se
5220 West Saint Charles Avenue
Laveen, AZ 85339
602-999-2065
dagostino.prose@gmail.com

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE
(DOC. 263)
Page **14**