Mary Ellen Simonson (State Bar No. 009298)
maryellen.simonson@wbd-us.com
**WOMBLE BOND DICKINSON (US) LLP**
201 East Washington Street, Suite 1200
Phoenix, Arizona 85004-2595
Telephone: (602) 262-5311

Michele J. Beilke (*Admitted Pro Hac Vice*)
mbeilke@seyfarth.com
**SEYFARTH SHAW LLP**
601 South Figueroa Street, Suite 3300
Los Angeles, California 90017-5793
Telephone: (213) 270-9600
Facsimile: (213) 270-9601

Kathryn C. Palamountain (*Admitted Pro Hac Vice*)
cpalamountain@seyfarth.com
**SEYFARTH SHAW LLP**
700 Milam Street, Suite 1400
Houston, Texas  77002-2812
Telephone: (713) 225-2300
Facsimile: (713) 225-2340

Steven DiBeneditto *(Admitted Pro Hac Vice)*
sdibeneditto@seyfarth.com
**SEYFARTH SHAW LLP**
975 F Street, N.W.
Washington, DC 20004
Telephone: (202)772-9738

*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**
**PHOENIX DIVISION**

| | |
|---|---|
| Daniel D'Agostino, an individual,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Abbott Laboratories Inc.;<br><br>　　　　Defendant. | Case No. 2:23-cv-01367-PHX-SMB<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION (LIMITED TO SECTIONS III(B) AND (C))** |

Pursuant to this Court's Order (Doc. 269), Defendant Abbott Laboratories Inc. ("Defendant") responds to Plaintiff's Motion for Reconsideration (Doc. 268) ("Motion"). Consistent with Local Rule 7.2(g)(2) and the Court's directive, this Response addresses only Sections III(B) and (C) of the Motion.

As this Court has recognized, reconsideration is "disfavored" and "appropriate only in rare circumstances"; it "should not be used to ask the court to rethink what the court had already thought through—rightly or wrongly." Doc. 266, at 2[1] and cases cited therein; *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (reconsideration is "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources").

Yet Plaintiff asks the Court to do precisely that; he specifically asks this Court to rethink what the Court has already thought through. He identifies no new evidence, no intervening change in law, and no manifest error. Instead, he repackages arguments the Court has already rejected, advances theories he never raised, and invites reliance on materials not properly before the Court.[2] The Court should deny the Motion.

**A. Plaintiff's Section III(B) Arguments Fail: He Raises a New Theory and Identifies No New Facts.**

In the Motion, Plaintiff now argues that his ADEA discrimination claim is "not limited to proof of a younger replacement" and that inferences are appropriate. (Doc. 268, at 5). A plaintiff may prove an ADEA discrimination claim through either direct evidence or circumstantial evidence. Where, as here, the plaintiff relies on circumstantial evidence, the claim is analyzed under the *McDonnell Douglas* burden-shifting framework, which Defendant invoked in its motion. (Doc. 196, at 23.) Under that framework, the plaintiff bears

---

[1] All page citations to a document on the docket are to the PACER pagination.

[2] This Court identified multiple procedural defects in Plaintiff's untimely, noncompliant filings and struck them. (Doc. 266, at 5-7). Those filings contained "large additions and edits to [Plaintiff's] original filings" and were both unauthorized and improper. (Doc. 266, at 7). Defendant addresses only those filings that remain in the record.

326530678v.3

the initial burden of establishing a *prima facie* case, and the fourth element may be satisfied by showing either that he was replaced by a substantially younger employee with equal or inferior qualifications, **or** that he was discharged under circumstances otherwise giving rise to an inference of age discrimination. *Diaz v. Eagle Produce Ltd. Partnership*, 521 F.3d 1201, 1208 (9th Cir. 2008).

The *prima facie* burden is **Plaintiff's** to carry, and Plaintiff alone chose the theory on which to carry it – beginning with his own pleadings. Count III of the operative Complaint frames the fourth element squarely around comparator and replacement evidence: "Similarly situated employees who were substantially younger were treated more favorably." (Doc. 35, ¶ 139(d).) Nowhere does the Complaint plead an "inference of age discrimination" theory based on circumstances surrounding the relevant adverse actions. Defendant's opening brief addressed the fourth element on the ground Plaintiff himself had pleaded and pursued (Doc. 196, at 23), and Plaintiff's Opposition engaged on those same terms, arguing that his purported replacement (Gilbert Mendez or, alternatively, Steve Nerovich) "replaced" him in his core responsibilities. (Doc. 233, at 3, 16-17.) Plaintiff **never** invoked the alternative "inference" prong, **never** cited the authorities he now relies upon, and **never** tied any circumstantial evidence to the adverse actions at issue. (Doc. 233 at 9-17.)

As such, the Court decided the case the parties litigated and briefed; a motion for reconsideration is not an invitation to relitigate the fourth element under a theory Plaintiff declined to pursue when the burden was his to carry. Plaintiff offers no support for raising new arguments and authorities on reconsideration that he could have raised at summary judgment. The Court has already rejected one such attempt. (Doc. 266). It should not allow another through the back door. "A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). And when a party fails to respond to an argument made to dismiss or summarily adjudicate a claim, that argument is waived. *Pac. Dawn LLC v. Pritzker*, 831 F.3d 1166, 1178 n.7 (9th Cir. 2016); *Samica*

3

326530678v.3

*Enterprises LLC v. Mail Boxes Etc., Inc.*, 460 F.App'x 664, 666 (9th Cir. 2011). A party may not resurrect what has been waived through a Rule 59(e) motion.

Nor can Plaintiff escape waiver by pointing to an intervening change in law—because there is none. The authorities he now cites in the Motion are decades old: *Rose v. Wells Fargo & Co.,* 902 F.2d 1417 (9th Cir. 1990); *Wallis v. J.R. Simplot Co.,* 26 F.3d 885 (9th Cir. 1994); *Diaz v. Eagle Produce Ltd. P'ship,* 521 F.3d 1201 (9th Cir. 2008); and *Sheppard v. David Evans & Assoc.,* 694 F.3d 1045 (9th Cir. 2012). Every one of these decisions were available to Plaintiff when he opposed summary judgment. Both routes to the fourth element have been settled Ninth Circuit law for at least two decades; Plaintiff's election to pursue only the "replacement" route at summary judgment was a strategic choice, not a doctrinal limitation imposed by the Court.

Even setting waiver aside, the argument fails on the merits. Ninth Circuit law requires that any inference of discrimination arise from circumstances surrounding the challenged adverse action itself, not from generalized or untethered allegations of bias. *Hittle v. City of Stockton, California*, 101 F.4th 1000, 1014-15 (9th Cir. 2024), *cert. denied*, 145 S. Ct. 759 (2025). Here, Plaintiff must tie the inference to his separation. He has not, and cannot.

Further, Plaintiff's reliance on the Court's discussion of "two instances of age-based differential treatment" (Doc. 268, at 5) misreads the Order. The Court addressed time-off and software access in the hostile work environment analysis, not the discrimination analysis. (Doc. 266, at 7-11) (expressly addressing Plaintiff's argument of an "inference of age-based conduct due to Defendant's favorable treatment of substantially younger employees"). Those findings have no bearing on the discrimination claim.[3] And on the replacement question that actually drove the discrimination ruling, Plaintiff offers nothing new: his Steve

---

[3] Even if this Court revisited the comparator theory based on time off or software access, Plaintiff offers no evidence of the comparators' ages. He relies solely on his Controverting Statement of Facts ("CSOF"). (Doc. 229 at 26–28, 201–02; Doc. 268 at 5–6.) Those pages contain no discussion, let alone proof, of the ages of Arandia and Zemezonak.

4

DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION
(LIMITED TO SECTIONS III (B) AND (C))

Nerovich/Gilbert Mendez theory was squarely addressed and rejected. (Doc. 266 at 18-19).[4] The *prima facie* burden is low, but not nonexistent—and Plaintiff has not met it.

Even if Plaintiff had cleared that bar, summary judgment would still be appropriate. Plaintiff "cannot defeat summary judgment simply by making out a prima facie case." *Lindahl v. Air France,* 930 F.2d 1434, 1437 (9th Cir. 1991). Defendant offered a legitimate business reason for Plaintiff's separation: his transition to long-term disability and inability to return to work (Docs. 196, at 22 and 241, at 10), and Plaintiff cannot establish pretext. (Doc. 233, at 14-16). Plaintiff admitted he "never returned from protected Short-Term Disability leave" (Doc. 233 at 14), but argued that the separation had been contemplated for a while and was delayed due to a "sham" investigation by Curcio. *Id.* at 16. Perhaps misunderstanding pretext, he also argued that purported disparate treatment of younger employees in remote work, PTO approval, and software access somehow established pretext. *Id.* at 16-17. Defendant addressed those arguments in its papers, explaining that Plaintiff had not, and could not, establish pretext. (Docs. 196, at 22-24 and 241, at 10-11). Although the Court did not need to reach pretext, it credited the undisputed facts underlying Defendant's

---

[4] Plaintiff now claims (Doc. 268, at 8) that he knew and discussed coworkers' ages, including that Mendez was "27, 28, 29 or 30" and that Soti, Arandia, and Zemezonak were "under 40." That contradicts the deposition testimony Defendant placed in its Statement of Facts, which the Court adopted. (Doc. 250 (SUMF), ¶ 16; Doc. 266, at 8 n.2). Plaintiff testified under oath that he did not know the ages of his coworkers. As to Mendez, Plaintiff's best testimony was a four-year guess: "I don't remember his exact age, but it was either he was turning 27, 28, 29, or 30, something along those lines." A party cannot create a fact issue, or a basis for reconsideration, by contradicting his own deposition. *Kennedy v. Allied Mut. Ins. Co.,* 952 F.2d 262, 266 (9th Cir. 1991) ("The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony"). In a futile attempt to avoid this obvious contradiction, Plaintiff now claims that the age of his purported comparators "was not Plaintiff's to lose on this record" (Doc. 268, at 5), and improperly attempts to shift his burden to provide facts sufficient to sustain his *prima facie* case by claiming that there was a "gap" in Defendant's CSOF because Defendant "omitted the ages of younger comparators" in Defendant's CSOF. (Doc. 268, at 5) (citing Paragraph 79 of Defendant's CSOF). Plaintiff cites no authority (because there is none), that it is Defendant's burden to establish the age of the comparators that Plaintiff uses to establish a *prima facie* case.

DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION
(LIMITED TO SECTIONS III (B) AND (C))

326530678v.3

legitimate reason—that Plaintiff went on medical leave, the leave was extended, and Plaintiff "then took long term disability and never returned to work" (Doc. 266, at 17)—and rejected the "sham" investigation theory as "insufficient." *Id.*

Plaintiff has not shown the "rare instance" warranting reconsideration, and the Motion should be denied. However, if the Court reaches the merits, Defendant remains entitled to summary judgment on both prongs of the fourth element and on its unrebutted legitimate business reason for Plaintiff's separation.

**B. Plaintiff's Section III(C) Arguments Fail: The Court Already Considered—And Rejected—This Evidence.**

Plaintiff next challenges the Court's finding of "no evidence" that a substantially younger employee replaced him, pointing to changes in morning meetings and a case packer project. (Doc. 268, at 6-8). He suggests that this Court overlooked this evidence. The Order shows otherwise. This Court noted that Plaintiff identified "reduced job duties" and "increased isolation from the team and meetings" as "alleged adverse actions" for his retaliation claim. (Doc. 266, at 16). It agreed with Defendant that neither qualified. *Id.* ("The Court agrees that termination is the only applicable adverse action here").

The Court considered the same job-duties and meetings evidence on replacement and found it deficient. (Doc. 266, at 18-19). It addressed Plaintiff's new assertion that Mendez replaced him in the May 2022 team meetings and explained that an email attached to Plaintiff's Second Amended Complaint **contradicted** it. (Doc. 266, at 19). The Court also pointed out that Plaintiff identified no other supporting evidence. *Id.* Plaintiff points to nothing the Court missed.

In any event, a plaintiff cannot establish replacement or a proper comparator merely by identifying a younger employee who performed isolated tasks, such as a portion of Plaintiff's job. A comparator must be similarly situated "in all material respects", including their overall job responsibilities and core duties; employees whose roles differ in substance (such as those performing only discrete or minor functions of the plaintiff's position) are not

6

326530678v.3

proper comparators and do not support an inference of age discrimination. *See, e.g.*, *Moran v. Selig*, 447 F.3d 748, 755–56 (9th Cir. 2006) (affirming summary judgment where plaintiffs failed to make a *prima facie* showing based on inadequate comparative evidence); *Vasquez v. County of Los Angeles*, 349 F.3d 634, 641–42 (9th Cir. 2003) (differences in job level and responsibilities undermine comparator evidence and defeat prima facie showing); *Hawn v. Executive Jet Mgmt., Inc.*, 615 F.3d 1151, 1157–58 (9th Cir. 2010) (employees are not similarly situated where their conduct and circumstances are not comparable in material respects); *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1210–11 (9th Cir. 2008) (ADEA plaintiff must produce evidence giving rise to an inference of discrimination based on meaningful comparisons to other employees).

The Court was right, and the thinness of Plaintiff's original showing proves it. Plaintiff mentioned Mendez only three times in his Opposition. (Doc. 233, at 3, 16.) The first mention, on page 3, cited no record evidence of Mendez's age or any replacement; instead, he makes only a bare assertion about Mendez's age and roles. The second and third mentions (on page 16) cited only to Paragraphs 21, 50, and 79 of his CSOF.[5] None of those paragraphs supports Plaintiff's theory.

Paragraph 21 does not refer to evidence of Mendez "taking over meetings and core leadership responsibilities." The only part of this section that mentions Mendez states as follows:

---

[5] Those CSOF citations carry little weight in any event. The Court struck Plaintiff's amended Response and amended CSOF. (Doc. 266, at 5-7) (striking Docs. 259, 260). The Court also found that Plaintiff's original 203-page CSOF (Doc. 229) "impermissibly includes lengthy narrative and explanatory arguments" (Doc. 266, at 6) in violation of the Local Rules, and held that it would not "consider any explanation or argument inserted after 'disputed' in support of Plaintiff's position as written in his CSOF." Plaintiff cites no authority challenging that ruling. *Zoslaw v. MCA Distributing Corp.*, 693 F.2d 870, 883 (9th Cir. 1982) ("A party may not prevail in opposing a motion for summary judgment by simply overwhelming the district court with a miscellany of unorganized documentation"), *cert. denied*, 460 U.S. 1085, 103 S.Ct. 1777, 76 L.Ed.2d 349 (1983).

DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION
(LIMITED TO SECTIONS III (B) AND (C))

326530678v.3

> After Plaintiff professionally requested data alignment from Gilbert Mendez—who never responded—and identified that Steven Nerovich was attempting to **"overtake Reliability"** [citation omitted, emphasis in original], RPB Leadership immediately conspired to terminate him and remove him from the team.

(Doc. 229, at p. 33). Nothing there suggests Mendez took over Plaintiff's responsibilities; if anything, it points to Nerovich. And at most, Plaintiff asked Mendez for data alignment and got no response. To the extent Paragraph 21 also references Mendez's role *before* Plaintiff was hired, that pre-employment role has no bearing on Plaintiff's claim of age discrimination.

Paragraphs 50 and 79 are more puzzling still because neither mentions Mendez at all. (Doc. 229, at Statement of Fact 50, 79 and Controverting SOF 50, 79). Paragraph 50 addresses Plaintiff's EEOC charge and amended charge in the context of administrative exhaustion. Paragraph 79 discusses only the birth years of Jim Curcio, James Martinez, Steve Nerovich, Ashin Soti, and Douglas Taylor. Mendez's age and job responsibilities appear nowhere in these sections. The Court did not overlook Mendez evidence in these paragraphs; there is none.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court deny Plaintiff's Motion for Reconsideration in its entirety.

DATED:  June 24, 2026

Respectfully submitted,

SEYFARTH SHAW LLP

By: */s/ Steven DiBeneditto*
Steven DiBeneditto
Attorneys for Defendant

8

DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION
(LIMITED TO SECTIONS III (B) AND (C))

326530678v.3

## **PROOF OF SERVICE**

I hereby certify that on June 24, 2026, a true and correct copy of the foregoing was served on all counsel of record by electronic service through the Clerk of the Court via the Court's CM/ECF system:

Daniel D'Agostino, Pro se
5220 West Saint Charles Avenue
Laveen, Arizona  85339
dagostino.prose@gmail.com

/s/ *Steven DiBeneditto*
Steven DiBeneditto

9

326530678v.3